UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON NIEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-1012 |
| ) | |
| RLI CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## <u>O R D E R</u>

This action is now before the Court on the Motion to Dismiss by Defendants Insurance Search Group ("ISG") and Keith Hale ("Hale") and Motion to Dismiss by Kenneth Gage and Paul Hastings LLP (referred to collectively as the "PH Defendants".) For the reasons set forth below, the Motions [#6 and #16] are GRANTED.

### BACKGROUND

Plaintiff, Jason Nieman ("Nieman"), applied for the position of Vice President of Claims with Defendant RLI Corporation. When he was not hired for the position, Nieman filed a charge of discrimination against RLI, asserting discrimination based on race, gender, and age, as well as in retaliation for having filed an earlier charge of discrimination against his former employer. He filed a 15-count state court complaint asserting numerous claims against RLI and various other defendants.

ISG is a company that provides consulting and human resources services to RLI, including staff recruiting services. Hale is employed by ISG as a recruiter and received Nieman's application materials. On March 10, 2011, Hale initially advised Nieman that he had not been selected for the initial round of interviews, but after clarification of Nieman's claims handling experience, Hale advised that RLI wished to interview him. Following an interview with Donald Driscoll, RLI's Vice

President of Claims, Neiman was asked to return for a second interview. Following the interview, Hale inquired when Nieman might expect to be called for the final interview and was told that he was no longer being considered for the position. In his Second Amended Complaint, Nieman alleges that ISG and Hale violated the Illinois Human Rights Act ("IHRA") by "allowing one or more prohibited acts of discrimination and/or retaliation to be committed against the Plaintiff" in some unspecified way during the hiring process.

Kenneth Gage is a partner at Paul Hastings LLP, a Chicago law firm retained to defend RLI in the underlying administrative proceedings that form the basis for the claims against RLI here. Neiman contends that the PH Defendants somehow violated Title VII, 42 U.S.C § 1981, and the IHRA in connection with their representation of RLI. Specifically, Gage is alleged to have continued to represent RLI despite discovering that Nieman's claims had merit, made false or misleading statements to the IDHR, and caused RLI to refuse to take corrective action in response to the investigation. Gage is also alleged to have defamed Nieman by transmitting RLI's response to the claim and request for mediation to an attorney who was in discussions to represent Nieman in the underlying proceedings; the attorney did not ultimately enter into a representation agreement with Nieman.

These Defendants have now moved to dismiss the claim against them. Nieman has filed his responses, and this Order follows.

## ANALYSIS

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the

mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Here, Defendants seek dismissal of the claim against them based on Nieman's failure to name or refer to any involvement by them in his charge of discrimination. Generally, a party not named in a charge of discrimination cannot be sued, as inclusion in a charge of discrimination is a condition precedent to suit. *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1988); *Perkins v. Silverstein*, 939 F.2d 463, 470-71 (7th Cir. 1991). Charges under the IHRA must be "in such detail as to substantially apprise any party properly concerned as to the time, place and facts surrounding the alleged civil rights violation." 775 ILCS 5/7A-102(A) and (G).

As "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes" under Fed. R. Civ. P. 10(c), the Court has reviewed the IDHR charge and related correspondence in connection with this motion. The charge in this action references only RLI and Driscoll. (Doc. #1-1 at 51) While correspondence indicates that a prior draft of the charge made reference to Hale, Nieman specifically changed the name from Hale to Driscoll as the Vice President of Claims for RLI and affirmatively stated that he did "not believe that Mr. Keith Hale had any hiring

- 3 -

authority in this matter, given the typical nature of employment recruiters." (Doc.# 1-1 at 54, 57) No amended charge was filed, and his assertion that he provided contact information for these Defendants to the IDHR investigator is simply insufficient to establish adequate notice of a claim being asserted against them. Their absence will not deprive Nieman of "any redress for a legitimate grievance," as his claim lies against RLI itself. *Walaszek v. Reinke Wholesale Supply Co.,* 1996 WL 547210, at *4 (N.D.Ill. Sept. 23, 1996). Moreover, the allegations of the Second Amended Complaint are so vague that no reasonable defendant in this position could be fairly apprised of the claim against it, much less discern a claim to relief that is plausible on its face.

Likewise, there is no reference to the PH Defendants in the charge. This is not surprising, since the PH Defendants could not be construed as an employer with respect to Nieman for purposes of Title VII, § 1981, or the IHRA under any reasonable set of facts or inferences, particularly as their involvement does not appear to have begun until after the hiring decision and filing of the charge.[1] Nor was any amended charge subsequently filed. Furthermore, all of the allegations against these Defendants occur in the context of their representation of RLI during the proceedings before the IDHR. It is well-settled that actions taken by attorneys in the adversarial setting of litigation or other administrative or quasi-judicial processes (including alleged defamation and retaliation) are precluded by the litigation privilege from "anything said or written" in the course of such proceedings from forming a basis for further litigation. *Probst v. Ashcroft*, 25 Fed.Appx. 469, 471 (7th Cir. 2001); *Cummins v. Heaney*, 2005 WL 217066, at **2-3 (N.D.Ill. Aug. 31, 2005); *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998).

---

[1] The suggestion that the PH Defendants were somehow placed on notice of claims specifically against them by virtue of the fact that they were present during the IDHR proceedings as RLI's counsel is patently frivolous.

The one caveat to this finding concerns the communication from Gage to the attorney considering Nieman's representation. It would be a stretch to suggest that these communications constituted statements made during the course of litigation or the underlying administrative proceedings, as apparently determined by Judge Shore during the time this action was pending in state court. That being said, there is nothing inherently defamatory about providing a copy of RLI's response to the charge of discrimination to the attorney believed to be undertaking Nieman's representation in that respect, particularly as Nieman has not alleged that the attorney declined to represent him as a result of the information contained in the response or any form of special damages as required to state a claim under Illinois law. *Kurczaba v. Pollock*, 318 Ill.App.3d 686, 694 (1st Dist. 2000). Accordingly, the Motion to Dismiss is granted in this respect, as well.

The claims asserted against these Defendants may best be characterized as throwing everything up against the wall to see what would stick. Such pleading tactics do not rise to the level of plausibility required under *Twombly* and *Iqbal*. The Motions to Dismiss are therefore granted.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss by ISG and Hale [#6] is GRANTED, and the Motion to Dismiss by the PH Defendants [#16] is also GRANTED. ISG, Hale, Gage, and Paul Hastings LLP are hereby TERMINATED as parties to this action.

ENTERED this 28th day of February, 2012.

                                              s/ James E. Shadid
                                              James E. Shadid
                                              United States District Judge