UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JASON NIEMAN,

    Plaintiff,

v.    Case No. 12-1012

RLI CORPORATION, et al.,

    Defendants.

## O R D E R

This action is now before the Court on the Motion to Dismiss by Defendants Ricky Dikeman and American Specialty Insurance and Risk Services, Inc. For the reasons set forth below, the Motion [#20] is GRANTED.

### BACKGROUND

Plaintiff, Jason Nieman ("Nieman"), applied for the position of Vice President of Claims with Defendant RLI Corporation. When he was not hired for the position, Nieman filed a charge of discrimination against RLI, asserting discrimination based on race, gender, and age, as well as in retaliation for having filed an earlier charge of discrimination against his former employer. He filed a 15-count state court complaint asserting numerous claims against RLI and various other defendants.

Defendant Rick Dikeman resides in Fort Wayne, Indiana and is apparently employed by American Specialty Insurance and Risk Services, Inc. ("ASIRS"). Dikeman was previously a colleague of Nieman at K&K Insurance Group. After reviewing Nieman's resume, Defendant Diane Case, RLI's Claim Manager, remembered that she knew Dikeman's wife that Dikeman had also worked at K&K. Case called Dikeman's wife and later spoke with Dikeman, who gave her his opinion that Nieman was a "bad manager," "tended to put things in file notes that did not belong

there," and had filed a lawsuit against his former employer, Nationwide Insurance. It is Nieman's theory that Case then poisoned the well against him by revealing this information to others at RLI. He asserts claims against Dikeman and ASIRS for defamation, violations of the IHRA, and violations of Title VII and 42 U.S.C. § 1981. ASIRS appears to have been named based solely on a theory of vicarious liability.

These Defendants have now moved to dismiss the claim against them. Nieman has filed his responses, and this Order follows.

**ANALYSIS**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Here, Defendants seek dismissal of the claim against them based on Nieman's failure to name or refer to any involvement by them in his charge of discrimination. Generally, a party not named in a charge of discrimination cannot be sued, as inclusion in a charge of discrimination is a condition precedent to suit. *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1988); *Perkins v. Silverstein*, 939 F.2d 463, 470-71 (7th Cir. 1991). Charges under the IHRA must also be "in such detail as to substantially apprise any party properly concerned as to the time, place and facts surrounding the alleged civil rights violation." 775 ILCS 5/7A-102(A) and (G).

As the Court has previously held, the charge in this action references only RLI and Driscoll. (Doc. #1-1 at 51) No amended charge was filed including these Defendants, and his assertion that he provided contact information for them Defendants to the IDHR investigator with a request to amend that was never granted is simply insufficient to establish adequate notice of a claim being asserted against them. Neither Dikeman nor ASIRS were the employer, decision maker, employees of RLI, or otherwise even related to the job opportunity that Nieman claims to have been wrongfully denied. Their absence will not deprive Nieman of "any redress for a legitimate grievance," as his claim lies against RLI itself. *Walaszek v. Reinke Wholesale Supply Co.,* 1996 WL 547210, at *4 (N.D.Ill. Sept. 23, 1996). Accordingly, the claims asserted against these Defendants pursuant to the IHRA, Title VII, and § 1981 are dismissed.

Nieman's defamation claim is also based on Dikeman's alleged negative statements to Case, which he characterizes as a formal employment reference. He alleges that he and Dikeman were co-workers from May 2001 through October 2004, but that they reported to different supervisors and never worked in a direct reporting relationship with each other. Neither Dikeman nor ASIRS were ever asked by him to serve as a reference. Nieman surmises that the information provided by Dikeman was "used as a partial or total basis for the quashing of the Plaintiff's candidacy by one or

members of the RLI Corp. Hiring team related to the position the Plaintiff sought and was otherwise the most qualified candidate for."

Initially, the Court notes that the inclusion of ASIRS as a Defendant solely on the basis of the fact that Dikeman was employed by ASIRS at the time he spoke to Case or the rank speculation that Dikeman was in his office at work at the time that he spoke to case is frivolous and lacking in any good faith basis in the law. Accordingly, ASIRS is summarily dismissed for failure to state a claim upon which relief could be granted.

Next, Nieman asserts that Dikeman gave him a "negative reference." However, such generalized characterizations are not actionable. *Earl v. H.D. Smith Wholesale Drug Co.*, 2009 WL 1871929, at *3 (C.D.Ill. June 23, 2009). The only specific, negative statements alleged by Nieman are that he was a "bad manager" and "tended to put things in file notes that did not belong there." The record is devoid of any reasonable basis for suggesting that Dikeman was purporting to be giving a formal employment reference or acting on behalf of Nieman's employer. Rather, the only reasonable conclusion to be drawn from the context is that the comments made by Dikeman, a former co-worker, to a friend of his wife were nothing more than his subjective opinion. Courts have consistently held that statements of opinion do not sustain a defamation claim, as "[s]tatements of opinion, although defamatory, do not give rise to a defamation claim." *Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 534 (7th Cir. 2009), *citing Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 672 N.E.2d 1207, 1220 (Ill. 1996); *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 381 F.3d 717, 727 (7th Cir. 2004).

That leaves the unqualified comment by Dikeman that Nieman had filed a lawsuit against a former employer. Rather than an opinion, this statement reflects a verifiable fact and is readily amenable to an innocent construction. Objectively factual assertions such as this could potentially

be actionable if untrue. However, "substantial truth is a complete defense to an allegation of defamation." *Republic Tobacco*, 381 F.3d at 728. Here, the truth of this statement is not contested, as there is no dispute that Nieman did in fact file a lawsuit against his former employer. In fact, the Court takes judicial notice of the published opinion issued by Judge Scott in his employment discrimination suit against his former employer, Nationwide Mutual, in the Springfield Division of this District. *See Nieman v. Nationwide Mutual Insurance Co.*, 706 F.Supp.2d 897 (C.D.Ill. 2010). As no reasonable jury could find that the substantial truth of Dikeman's comment that Nieman had filed suit against his former employer has not been established, Dikeman is entitled to judgment on this portion of the defamation claim, as well. *See Global Relief Foundation, Inc. v. New York Times Co.*, 390 F.3 973, 987 (7th Cir. 2004).

As the Court has stated with respect to previously dismissed Defendants, the claims asserted against Dikeman and ASIRS may best be characterized as throwing everything up against the wall to see what would stick. Such pleading tactics do not rise to the level of plausibility required under *Twombly* and *Iqbal*. The Motion to Dismiss is therefore granted in its entirety.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss by Dikeman and ASIRS [20] is GRANTED. Dikeman and ASIRS are hereby TERMINATED as parties to this action.

ENTERED this 29th day of February, 2012.

                                              s/ James E. Shadid
                                              James E. Shadid
                                              United States District Judge